**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 08-393-VAP (OPx)                               Date:  July 29, 2008

Title:     KIMBERLY SUBA -v- W.W. GRAINGER, INC.; VICKY RICH; and DOES 1 through 50, inclusive
===============================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                          None Present
    Courtroom Deputy                                    Court Reporter

ATTORNEYS PRESENT FOR                      ATTORNEYS PRESENT FOR
PLAINTIFFS:                                            DEFENDANTS:

    None                                                         None

PROCEEDINGS:      MINUTE ORDER REMANDING CASE (IN CHAMBERS)

    The Court has received and considered all papers filed in response to the Court's May 27, 2008, Order to Show Cause re Subject Matter Jurisdiction.  The matter is appropriate for resolution without oral argument.  <u>See</u> Fed. R. Civ. P. 78; Local Rule 7-15.  For the reasons set forth below, the Court REMANDS the case for lack of subject matter jurisdiction.

**I. BACKGROUND**

    Plaintiff Kimberly Suba filed a Complaint ("Compl.") in the Superior Court for the County of San Bernardino on February 13, 2008, naming as Defendants W.W.

Grainger, Inc. ("Grainger") and Vicky Rich ("Defendant Nicklaus").[1]  The Complaint asserts claims for (1) violation of the California Family Rights Act ("CFRA"); (2) retaliation in violation of CFRA; (3) discrimination in violation of the California Fair Employment & Housing Act ("FEHA"); (4) failure to engage in an interactive process, in violation of FEHA; (5) retaliation in violation of FEHA; (6) failure to prevent or remedy discrimination and retaliation in violation of FEHA; and (7) wrongful termination in violation of public policy.  Defendant Grainger removed the case to this Court on March 21, 2008.

On April 22, 2008, Defendant Rich filed a Motion to Dismiss.  Plaintiff filed an Opposition on May 19, 2008.  Defendant Nicklaus filed a Reply on May 23, 2008.

On May 27, 2008, the Court issued an Order to Show Cause re Subject Matter Jurisdiction ("May 27 OSC"), ordering Defendant Nicklaus to show cause why the Court should not remand this case for lack of subject matter jurisdiction.  Defendant Nicklaus filed a Response ("Response") on June 9, 2008.  Plaintiff filed an Opposition ("Opp'n") on June 16, 2008.

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute.  See 28 U.S.C. § 1441, et seq.  The Ninth Circuit construes the removal statute strictly against removal.  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988).  The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Removal is inappropriate when the district court would not have original jurisdiction over the case.  See 28 U.S.C. § 1441(a).  A case shall be remanded when the court lacks subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

## III. DISCUSSION

---

[1] Although she was sued as "Vicky Rich," both parties refer to this Defendant as "Vicky Nicklaus."

The Court has jurisdiction under 28 U.S.C. Section 1332 if all plaintiffs are diverse from all defendants. Even if one or more defendants are not diverse, however, the Court has jurisdiction if the plaintiff joined the nondiverse defendants fraudulently, solely for the purpose of destroying diversity jurisdiction. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." Id.

Here, Defendant Grainger removed the case to this Court on the basis of diversity jurisdiction. (See Notice of Removal, filed March 21, 2008.) Defendant Nicklaus did not join in the notice of Removal. (Id. ¶ 24.) Defendant Grainger contends the complete diversity of citizenship requirement of 28 U.S.C. § 1332 is fulfilled because Defendant Nicklaus, like Plaintiff a California resident, was fraudulently joined. (Id. ¶ 19.)

"If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "There is a presumption against finding fraudulent joinder, and defendants who assert that [a] plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (citations omitted).

Thus, a court will find a party fraudulently joined only when "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." Davis v. Prentiss Props., Ltd., Inc., 66 F. Supp. 2d 1112, 1114 (C.D. Cal. 1999) (quoting Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983)). "To constitute fraudulent joinder, the non-diverse claim must not only be unsuccessful, it must be untenable ab initio." Id. Thus, in deciding whether a defendant is fraudulently joined, the Court resolves all disputed facts and legal ambiguities against the removing party. United Policyholders v. Provident Life & Acc. Ins. Co., 1999 WL at 1080632 *2 (N.D. Cal. 1998).

Here, Defendants argue that Defendant Nicklaus was fraudulently joined because she cannot be personally liable for Plaintiff's retaliation claims. (Response at 2.) Initially, Plaintiff asserted claims against Defendant Nicklaus for retaliation in

violation of CFRA, California Government Code section 12945.2 and retaliation in violation of FEHA, California Government Code section 12940(h).  Plaintiff now concedes she has no claim against Nicklaus under section 12940(h), so her sole claim against Defendant Nicklaus is one for retaliation under section 12945.2.  (See Response at 4.)  Defendants contend that the California Supreme Court, in Jones v. The Lodge at Torrey Pines, held that individual supervisors may not be liable for such claims as a matter of law.  (Response at 4-5 (citing Jones v. The Lodge at Torrey Pines, 42 Cal. 4th 1158, 1164 (2008))

In Jones, the plaintiff sued his employer and supervisor for, inter alia, retaliation in violation of section 12940(h) of FEHA.  Jones, 42 Cal. 4th at 1160-61 (citing Cal. Gov't Code § 12940(h)).  Section 12940(h) forbids "any employer, labor organization, employment agency, or person" from discriminating against any person for opposing practices forbidden by FEHA or filing a FEHA complaint.  Cal. Gov't Code § 12940(h).  The California Supreme Court held that supervisors could not be held individually liable under that section.  Id. at 1173-74.  The court explained that although the term "any person" could be interpreted to impose liability on non-employer individuals, the legislative history of the section showed that the legislature did not intend to impose such liability.  Id. at 1169-73.

Plaintiff here proceeds against Defendant Nicklaus under a different code section than the one at issue in Jones.  Defendants thus urge the Court to extend the Jones holding to ban claims against individuals under section 12945.2.  (Response at 5-6.)  In Jones, however, the court relied on evidence of the legislature's intent in prohibiting such claims.  Jones, 42 Cal. 4th at 1169-73.  Here, in contrast, Defendants present no evidence of the legislature's intent.  Indeed, unlike in Jones, there is evidence that in amending section 12945.2, the legislature intended liability under that section to parallel liability under the federal Family Medical Leave Act, which does impose liability for retaliation on individual supervisors.  See Tomlinson v. Qualcomm, Inc., 97 Cal. App. 4th 934, 941 n.7 ("1993 amendments to CFRA made to conform certain provisions of CFRA to FMLA"); Mitchell v. Chapman, 343 F.3d 811, 827 (6th Cir. 2003) (holding that individuals are liable for violations of the FMLA).

The Court need not decide in the context of this Motion whether individual persons may be liable under section 12945.2.  No court has held that section 12945.2 precludes individual liability.  In deciding whether Defendant Nicklaus is

EDCV 08-393-VAP (OPx)
KIMBERLY SUBA v W.W. GRAINGER, INC.; VICKY RICH; and DOES 1 through 50, inclusive
MINUTE ORDER of July 29, 2008

fraudulently joined, the Court must resolve the legal ambiguity of whether she may be personally liable for retaliation against the removing party.  See United Policyholders v. Provident Life & Acc. Ins. Co., 1999 WL at 1080632 *2 (N.D. Cal. 1998).  Thus, it is not "obvious according to the settled rules of the state" that "joinder of the resident defendant is fraudulent." [2]  See McCabe, 811 F.2d at 1339.  Accordingly, Defendant Nicklaus is not fraudulently joined.

## IV. CONCLUSION

Having found that the Court lacks jurisdiction under 28 U.S.C. Section 1332 because Plaintiff is not diverse from Defendant Nicklaus, the Court REMANDS the case to the California Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**

---

[2] In a case predating Jones, the Northern District remanded on the same grounds, holding that the question of individual liability under § 12945.2 is "ambiguous under California law." See Mielke v. ConocoPhillips Co., No. C04-5502TEH, 2005 WL 1039075 (N.D. Cal. 2005).